# In the United States Court of Federal Claims

No. 19-85T

Filed: September 27, 2019

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| EDWIN LEE GEIERSBACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | *Pro Se*; Tax Claim; RCFC 12(b)(1); |
| v. | ) | Subject-Matter Jurisdiction; RCFC |
| | ) | 12(b)(6); Failure To State A Claim; |
| THE UNITED STATES, | ) | Wrongful Collection; Default Judgment. |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Edwin Lee Geiersbach,* Oak Grove, MO, plaintiff *pro se.*

*Katherine Powers*, Trial Attorney, *David I. Pincus*, Chief, *Richard E. Zuckerman*, Principal Deputy Assistant Attorney General, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.   INTRODUCTION

Plaintiff *pro se*, Edwin Lee Geiersbach, brings this tax action alleging that the government has violated his due process rights, by failing to comply with certain federal tax lien and levy laws, policies and procedures, and that the Internal Revenue Service ("IRS") has wrongfully collected his social security benefits. *See generally* Compl.; Pl. Resp. As relief, plaintiff seeks to recover $2,806,982.01 in monetary damages from the United States. Compl. at 3.

The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and (b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. Plaintiff has also filed motions to proceed in this matter *in forma pauperis* and for a default judgment. *See generally* Pl. Mot. for IFP; Pl. Mot. for Default. For the reasons discussed below,

the Court: (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; (3) **DENIES-AS-MOOT** plaintiff's motion for default judgment; and (4) **DISMISSES** the complaint.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.   Factual Background

Plaintiff, *pro* se, Edwin Lee Geiersbach, commenced this tax action on January 15, 2019. *See generally* Compl.  In the complaint, plaintiff alleges that the government has violated his due process rights "by not having [j]urisdiction and by taking $333,722.12 from [his] Social Security Benefits." *Id* at 2.  As relief, plaintiff seeks to recover $2,806,982.01 in monetary damages from the United States. *Id* at 3.

In his response and opposition to the government's motion to dismiss, plaintiff also alleges that the IRS disregarded "Federal Lien/Levy laws" and the IRS's policies by collecting funds from his social security account without obtaining a "Warrant of Distraint."[2]  Pl. Resp. at 1.  And so, plaintiff also requests that the Court enter a "judgment for Defendant's Fraudulent Activity in not permitting Plaintiff an opportunity to protect himself by a court process when the Defendant would seek a 'Warrant of Distraint.'" *Id.* at 2.

As background, plaintiff filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Missouri in 2012.  Pl. Ex. at C1-4.  As a result of the bankruptcy proceedings, plaintiff's tax liabilities were abated during the period 2001-2007. *See* Def. Ex. at 114, 119, 125, 130, 135, 139, 145, 151; *see also* Def. Ex. at 223, 227, 231, 236, 241, 246, 255.

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl.") and the exhibits attached thereto ("Pl. Ex."); the government's motion to dismiss ("Def. Mot.") and the exhibits attached thereto ("Def. Ex."); and plaintiff's response and opposition to the government's motion to dismiss ("Pl. Resp.").  Unless otherwise noted herein, the facts recited are undisputed.

[2] Plaintiff attaches as an exhibit to the complaint a "claim for damage, injury, or death," which states that the IRS "started taking 15% of [his] social security benefits in 2015. Pl. Ex. at 5.  Plaintiff also attaches as exhibits to the complaint several IRS notices of levies on his wages, salary and other income and notices of federal tax liens. Pl. Ex. at B1; Pl. Ex. at D1 at 3-26.

Since January 2016, the IRS has collected a levy of 15% of plaintiff's social security benefits. Pl. Ex. A2 at 2; Compl. at 5. Plaintiff alleges that he contacted the IRS on June 7, 2018, and that he was told that the remaining balance on his tax liabilities would be zero, if he paid $5,264.67 to the IRS. Pl. Ex. at A3. Thereafter, plaintiff remitted this amount to the IRS and the IRS received plaintiff's payment on June 11, 2018. Def. Ex. at 155.

The IRS determined that plaintiff's payment fully satisfied the outstanding balance due for tax year 2008 and the IRS applied an overpayment credit of $3,526.56 to the balance of plaintiff's penalties for tax year 2009. *Id.* at 156-57; *see also* Def. Ex. at 270. In a letter to plaintiff dated August 18, 2018 the IRS advised plaintiff that:

> The amount you owe for the tax periods listed below includes penalties and
> interest figured to Aug. 25, 2018. We will continue to charge penalties and
> interest until you pay the full amount you owe.

Def. Ex. at 270. This letter also identifies the following outstanding amounts owed by plaintiff: $739.45 for tax year 2009; $6,376.44 for tax year 2010; and $3,553.51 for tax year 2011. *Id.*

Plaintiff subsequently paid his tax liability in full for tax year 2009 on October 3, 2018. Def. Mot. at 5; Def. Ex. at 263. To date, plaintiff has an outstanding balance in the amount of approximately $3,917.66 for tax year 2010 and an income tax liability for tax year 2011 in the amount of approximately $2,414.96. Def. Mot. at 5; Def. Ex. at 160-61; 265-68. The IRS continues to collect the monthly levies on plaintiff's social security benefits to satisfy this debt. Pl. Ex. at A2.

**B.   Procedural History**

Plaintiff commenced this action and filed a motion to proceed *in forma pauperis* on January 15, 2019. *See generally* Compl.; Pl. Mot. for IFP. On May 24, 2019, the government filed a motion to dismiss this matter pursuant to RCFC 12(b)(1) and (b)(6). *See generally* Def. Mot.

On June 3, 2019, plaintiff filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp. On June 17, 2019, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply.

On June 3, 2019, plaintiff filed a motion for a default judgment. *See generally* Pl. Mot. for Default. On June 17, 2019, the government filed a response and opposition to plaintiff's motion for a default judgment. *See generally* Def. Resp.

These matters having been fully briefed, the Court resolves the pending motions.

## III.   LEGAL STANDARDS

### A.   *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleading requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 926 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing) (internal quotation marks omitted) (quoting *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995) (citations omitted)).

While "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). And so, the Court may excuse ambiguities, but not defects, in the complaint. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.") (citations omitted).

### B.   RCFC 12(b)(1)

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all

undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* RCFC 12(b)(1). But, plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to pursue a substantive right against the United States under the Tucker Act, plaintiffs must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United* States, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

Title 26, United States Code, section 7422(a) provides the money-mandating source of law for bringing a tax refund claim in this Court. *Dumont v. United States*, 85 Fed. Cl. 425, 427–28 (2009). And so, a taxpayer may bring an action in this Court to recover any internal revenue tax erroneously or illegally assessed, provided that the taxpayer first files a claim for a refund

with the Internal Revenue Service. I.R.C. § 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008); *Dumont*, 85 Fed. Cl. at 428; *see also* 28 U.S.C. § 1346(a)(1); *Rocovich v. United States*, 933 F.2d 991, 993-94 (Fed. Cir. 1991).

The United States Court of Appeals for the Federal Circuit has held, however, that this Court is without jurisdiction to entertain a claim for damages flowing from the allegedly unlawful collection activities of the IRS. *Ledford v. United States*, 297 F.3d. 1378, 1382 (Fed. Cir. 2002). And so, such claims must be brought before a United States district court. *Id*; *see also Zolman v. United States*, Nos. 17-1901T, 17-1902T, 2018 WL 1664690, at *1-2 (Fed. Cl. April 6, 2018) (Holding that the Court does not possess subject-matter jurisdiction to consider damages claims resulting from unauthorized collection actions, or failure to release a lien under either 26 U.S.C. §§ 7432(a) or 7433(a)).[3] This Court is similarly without jurisdiction to entertain claims challenging the imposition of tax liens, because such claims must be brought before a United States district court by a third party, and not by the taxpayer. *Zolman*, 2018 WL 1664690 at *1-2.

### C.    RCFC 12(b)(6)

Lastly, when deciding a motion to dismiss based upon failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6), this Court must also assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-

---

[3] Section 7432(a) of the Internal Revenue Code provides that:

> If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on the property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

I.R.C. § 7432(a). Section 7433(a) of the Internal Revenue Code provides, in relevant part, that:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the [IRS] recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

I.R.C. § 7433(a).

movant's favor. *See Redondo v. United States*, 542 F. App'x 908, 909-910 (Fed. Cir. 2013). And so, to survive a motion to dismiss under RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity," and determine whether it is plausible, based upon these facts, to find against the defendant. *Id.* at 679; *see also id.* at 678 ("A claim has facial plausibility when the plaintiff pleads factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## IV.   LEGAL ANALYSIS

The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(1) and (b)(6), upon the grounds that the Court does not possess subject-matter jurisdiction to consider plaintiff's claims for the wrongful collection of his taxes and for failure to release a tax lien. Def. Mot. at 10-11; Def. Reply at 2. Plaintiff has also moved to proceed in this matter *in forma pauperis* and for a default judgment, pursuant to RCFC 55. *See generally* Pl. Mot. for IFP; Pl. Mot. for Default.

For the reasons discussed below, a plain reading of the complaint makes clear that plaintiff has not established that any of his claims fall within the Court's subject-matter jurisdiction under the Tucker Act. Plaintiff has, however, satisfied the statutory requirements to proceed in this matter without paying the Court's filing fee. And so, for the reasons discussed below, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; (3) **DENIES-AS-MOOT** plaintiff's motion for default judgment; and (4) **DISMISSES** the complaint.

### A.   The Court May Not Consider Plaintiff's Claims

As an initial matter, the Court must dismiss this matter because plaintiff fails to establish that the Court possesses subject-matter jurisdiction to consider any of his claims under the

Tucker Act. Plaintiff alleges that the government has violated his due process rights "by taking $333,722.12 from [his] Social Security Benefits" and that the IRS disregarded "Federal Lien/Levy laws" and the IRS's policies, by collecting funds from his social security account without obtaining a "Warrant of Distraint." Compl. at 2; Pl. Resp. at 1. Plaintiff has not met his burden to show that the Court may consider these claims for three reasons.

First, to the extent that plaintiff asserts a due process claim under the United States Constitution in the complaint, this claim is not based upon a money-mandating source of law. It is well-established that this Court does not possess subject-matter jurisdiction to consider constitutional claims based upon a violation of the Due Process Clause of the Fifth and Fourteenth Amendments, because these constitutional provisions are not money-mandating. *Kenyon v. United States*, 127 Fed. Cl. 767, 773 (Fed. Cl. 2016); *Bailey v. United States*, No. 15-09C, 2015 WL 4505915, at *3 (Fed. Cl. July 23, 2015) (Due process claims are not considered to be money-mandating because they are outside of the scope of the jurisdiction granted to the Court of Federal Claims by the Tucker Act). And so, the Court must dismiss plaintiff's constitutional law claim.

The Court also may not consider plaintiff's claim seeking to recover damages from the government for an alleged unauthorized collection action by the IRS. *Ledford v. United States*, 297 F.3d. 1378, 1382 (Fed. Cir. 2002). In his response and opposition to the government's motion to dismiss, plaintiff alleges that the IRS disregarded "Federal Lien/Levy laws" and the IRS's policies, by collecting funds from his social security account without obtaining a "Warrant of Distraint." Pl. Resp. at 1. Plaintiff's claim appears to be a claim for damages flowing from the allegedly unlawful collection activities of the IRS. But, the Federal Circuit has held that this Court is without jurisdiction to entertain such a claim, because wrongful collection claims must be brought before a United States district court. *Ledford*, 297 F.3d. at 1382. And so, the Court must dismiss this claim for lack of subject-matter jurisdiction.

The Court is similarly without jurisdiction to consider plaintiff's claim challenging the IRS's decision to impose a levy on his social security benefits. *See* Pl. Resp. at 1. This Court has held that it does not possess subject-matter jurisdiction to consider damages claims resulting from the alleged failure to release a tax lien, because such claims must be brought before a United States district court. *Zolman v. United States*, Nos. 17-1901T, 17-1902T, 2018 WL

1664690, at *1-2 (Fed. Cl. April 6, 2018). And so, the Court must dismiss this final claim for lack of subject-matter jurisdiction.

Because plaintiff has not established that the Court possesses subject-matter jurisdiction to consider any of his claims, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the complaint. RCFC 12(b)(1).

### B.    The Court Denies Plaintiff's Motion For A Default Judgment

The Court also **DENIES-AS-MOOT** plaintiff's pending motion for a default judgment.[4] Pl. Mot. For Default. As discussed above, the Court concludes that it does not possess subject-matter jurisdiction to consider any of plaintiff's claims. And so, the Court denies plaintiff's motion for default judgment as moot. *See Wojtczak v. United States*, No. 12-499C, 2012 WL 4903025, at *4 (Fed. Cl. Oct. 17, 2012) ("Because plaintiff still has not raised allegations over which this court has jurisdiction, the court denies these motions as moot.").

### C.    Plaintiff May Proceed *In Forma Pauperis*

As a final matter, plaintiff has filed a motion to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. for IFP. In his application to proceed *in forma pauperis*, plaintiff states that he is not employed and that he is unable to pay the Court's filing fee. *Id.* at 2. This Court may authorize commencement of a suit without prepayment of fees when a person submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1915(a); *see also* 28 U.S.C. § 2503(d). Due to the Court's summary disposition of this case, and plaintiff's *pro se* status, the Court finds that plaintiff satisfies the statutory requirements

---

[4] Plaintiff seeks a default judgment against the government because the government did not timely respond to the complaint. Pl. Mot. for Default at 1. But, as the government correctly states in its response and opposition to plaintiff's motion, the government timely filed a motion to dismiss on May 24, 2019, and served plaintiff with a copy of that motion on the same date. Def. Resp. at 1.

to proceed *in forma pauperis*.  And so, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

## V.      CONCLUSION

In sum, the most generous reading of the complaint makes clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims.  Plaintiff has, however, satisfied the statutory requirements to proceed in this matter without paying the Court's filing fee.

And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss;

2. **GRANTS** plaintiff's motion to proceed *in forma pauperis*;

3. **DENIES-AS-MOOT** plaintiffs' motion for default judgment; and

4. **DISMISSES** the complaint.

The Clerk shall enter judgment accordingly.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge